UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN ARTEAGA, and<br>MARIA ARTEAGA,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>RAQUEL CASTANEDA, and<br>DAVID FALARDEAU,<br><br>　　　　Defendants. | No. 14 CV 255<br><br>Judge Manish S. Shah |

### ORDER

Defendants' motion to dismiss [40] is granted. Count 1 of the first amended complaint is dismissed for failure to state a claim. Defendants' motion to dismiss [19], filed prior to the first amended complaint, is terminated as moot.

### STATEMENT

Defendants move to dismiss count one of the first amended complaint for failure to state a claim. That count is brought under § 1983 as a substantive due process claim, more specifically, a claim that defendants violated the minor plaintiffs' right to familial relations when defendants entered plaintiffs' father's home on March 15, 2013, and demanded that he surrender the plaintiffs to their mother. The complaint alleges that defendants forced the father to surrender the plaintiffs to their mother.

Both sides agree that in order to state a substantive due process claim, the complaint must allege other conduct beyond the seizure. *Doe v. Heck*, 327 F.3d 492, 518 n. 23 (7th Cir. 2003). The Fourth Amendment provides the specific right to be secure from unreasonable seizures and the children's substantive due process rights do not provide a separate basis for liability unless the conduct is distinct from the seizure. *Hernandez v. Foster*, 657 F.3d 463, 474 (7th Cir. 2011), *Xiong v. Wagner*, 700 F.3d 282, 289–290 (7th Cir. 2012), and *Brokaw v. Mercer County*, 235 F.3d 1000, 1017–18 (7th Cir. 2000), make this distinction clear. *Brokaw*, for example, distinguished the initial removal of a child (a Fourth Amendment claim) from the four months of government-forced separation endured by the child (a substantive due process claim).

Defendants argue that the allegations of the complaint involve a seizure of the plaintiffs by the defendants and no other personal involvement by the defendants. As such, the claim is a Fourth Amendment claim (brought as Count 3 of the first amended complaint).

Plaintiffs argue that the defendants' precise purpose in seizing the children was to interfere with their familial relations and that the absence of justification for the removal of the children from the home, namely, imminent harm, is a classic sign of a substantive due process violation.

The question is whether the conduct, not the subjective intent of the officers, amounts to "other conduct" beyond a Fourth Amendment seizure. It does not. The complaint alleges no conduct by the defendants occurring after March 15, 2013. The sum total of the allegations of the complaint is that defendants seized the plaintiffs. These defendants were not involved in anything other than the seizure, and without other conduct involving the plaintiffs' relationship to their father, the complaint does not state a substantive due process claim.

Defendants' motion to dismiss, [40], is granted. Count 1 is dismissed for failure to state a claim. Defendants filed a motion to dismiss earlier in the case, [19], prior to the filing of the first amended complaint. That motion is terminated as moot.

ENTER:

Date: 10/14/14

Manish S. Shah
U.S. District Judge